**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 05 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10147 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00229-KJM-1 |
| v. | |
| RONALD W. GROVES, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10148 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00229-KJM-2 |
| v. | |
| DONALD C. MANN, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted November 18, 2014
San Francisco, California

---

*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BERZON and RAWLINSON, Circuit Judges, and LYNN, District Judge.[**]

Ronald W. Groves and Donald C. Mann appeal from their convictions on 13 counts of wire fraud, in violation of 18 U.S.C. § 1343. Mann also appeals his sentence following those convictions. We affirm the convictions but vacate Mann's sentence.

1. There was sufficient evidence to support the jury's conclusion that Mann had the specific intent to defraud. For example, Mann participated in conference calls in which investors were assured that their money was safe and that Money Growth Solutions (MGS) was only days away from reaching the $1.8 million threshold for a bank trade. Yet, Mann was MGS's treasurer, and bank records showing Mann's personal activity on MGS's bank account indicated that he knew that the account's balance was never close to $1.8 million, contrary to the information provided to investors. Moreover, Mann withdrew investor funds from MGS's bank account for his personal use. Further, Mann expressed anxiety to two bankers about the prospect of an investigation and threatened an investor with death if he cooperated with the FBI, evidence that supports the inference that Mann

---

[**] The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for the Northern District of Texas, sitting by designation.

2

knew that what he and Groves were doing was illegal.  *United States v. Rogers*, 321 F.3d 1226, 1230 (9th Cir. 2003).

2.  Groves and Mann argue that the prosecutor's cross-examination of Groves forced him to comment on the veracity of other witnesses.  On one occasion, the prosecutor asked Groves whether another witness was "telling the truth."  As to this question, which the government concedes was improper, we conclude that "the probability of a different result [absent this question] is [not] sufficient to undermine confidence in the outcome of the proceeding."  *United States v. Greer*, 640 F.3d 1011, 1023 n.8 (9th Cir. 2011) (internal quotation marks omitted).  As to the other questions, most of them simply confronted Groves with the fact that other witnesses had testified in ways that contradicted his account.  "Because neither the Supreme Court nor this court has yet ruled on the propriety of [such] questions . . . the district court did not plainly err."  *Id*. at 1023.

3.  The district court's treatment of the contact between Agent Snodgrass and a juror did not constitute plain error.  Mann did not establish that any error in the district court's failure to hold a more extensive hearing or *sua sponte* declare a mistrial, *cf. Caliendo v. Warden of California Men's Colony*, 365 F.3d 691 (9th Cir. 2004), affected his substantial rights.  *See United States v. Olano*, 507 U.S. 725, 734-35 (1993).

3

4. As Mann concedes, the district court did not plainly err in permitting FBI accountant Tara Cook to testify on rebuttal after she was present for part of the defense case in violation of the court's sequestration order. Nor was there cumulative error at trial sufficient to warrant reversal. We therefore affirm the convictions.

5. As Mann concedes, the district court did not plainly err in applying the Guidelines enhancement for obstruction of justice, U.S.S.G. § 3C1.1.

6. The district court did not plainly err in applying the Guidelines enhancement for abuse of trust, U.S.S.G. § 3B1.3. We have affirmed the application of the enhancement to the abuse of a client-stock broker relationship. *United States v. Laurienti*, 731 F.3d 967, 973-74 (9th Cir. 2013). While the defendants in this case were not actual brokers, the Guidelines provide that "the enhancement applies in the case of a defendant who . . . perpetrates a financial fraud by leading an investor to believe the defendant is a legitimate investment broker" because, "[i]n making the misrepresentation, the defendant assumes a position of trust, relative to the victim, that provides the defendant with the same opportunity to commit a difficult-to-detect crime that the defendant would have had if the position were held legitimately." U.S.S.G. § 3B1.3 comment. (n.3).

Evidence introduced at trial indicated that Mann led investors to believe he was a legitimate broker and reasonably to trust his financial recommendations, relying on indicia of professionalism such as the conference calls and reliance on technical terminology. We conclude that the district court did not plainly err in applying the enhancement.

7. As the government concedes, the application of the Guidelines role enhancement, U.S.S.G. § 3B1.1(c), was clearly erroneous, as there was no evidence that Mann exercised "control over others involved in the commission of the offense or was responsible for organizing others for the purpose of carrying out the crime." *United States v. Whitney*, 673 F.3d 965, 975 (9th Cir. 2012). Because we vacate Mann's sentence on this basis, we do not reach its substantive reasonableness.

In No. 13-10147**, AFFIRMED.**

In No. 13-10148, **AFFIRMED IN PART, VACATED IN PART,** and **REMANDED** for proceedings consistent with this disposition.